UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00313

**Rickey L. McGee,**
*Plaintiff,*

v.

**TDCJ Director et al.,**
*Defendants.*

# ORDER

Plaintiff Rickey L. McGee, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging various constitutional violations during his incarceration at the Michael Unit.[1] The case was referred to United States Magistrate Judge John D. Love, who issued a report and recommendation (Doc. 9) concluding that plaintiff's motion for preliminary injunction (Doc. 2) should be denied for mootness and lack of jurisdiction. Specifically, that magistrate judge noted that plaintiff is seeking to enjoin the behavior of prison officials at the Michael Unit, where he no longer resides, and at the Wainwright Unit, which is outside the territorial jurisdiction of the Eastern District of Texas.[2] Plaintiff filed objections. Doc. 13.

Plaintiff contends that, as a defendant in this action, the TDCJ Director should be aware of retaliatory conduct at the Wainwright Unit, where plaintiff is currently housed. On this basis, plaintiff argues that the court should issue a preliminary injunction to prevent retaliation at the Wainwright Unit.

---

[1] The complaint also references other incidents that took place at the Hughes Unit. However, these are the subject of separate civil proceedings in the Western District of Texas. *See McGee v. Armstrong*, No. 6:22-cv-00380 (W.D. Tex. April 11, 2022).

[2] For the reasons expressed in this order, the court finds it unnecessary to analyze or rely on this latter jurisdictional rationale since it only applies to claims involving the Wainwright Unit, which are not properly before this court.

However, plaintiff's complaint specifically focuses on incidents that occurred while he was at the Michael Unit. Doc. 1. Aside from the TDCJ director, the named defendants are also all officials at the Michael Unit. Plaintiff's motion for a preliminary injunction merely asks that defendants and their agents be enjoined from "further retaliat[ion]" against him. Doc. 2. In his objections to the magistrate judge's report, plaintiff proffers additional allegations regarding incidents at the Wainwright Unit that occurred on or after August 21, 2024. Doc. 13. Nevertheless, since these claims are absent from both the complaint and motion for preliminary injunction, they cannot form the basis for injunctive relief against officials at the Wainwright Unit. *See Bucklew v. St. Clair*, No. 3:18-cv-02117, 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019). Thus, this court will consider only whether the allegations concerning Michael Unit are sufficient to support injunctive relief.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The report recommended denial of plaintiff's motion for a preliminary injunction—as to the actions of Michael Unit officials—for mootness. The report (Doc. 9) informed plaintiff that his request for injunctive relief became moot when he was transferred to the Wainwright Unit. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that inmate's transfer from the ECDC to the Dixon Correctional Institute rendered his claim for declaratory and injunctive relief moot). Plaintiff's objections to the report fail to establish any error in fact or law that would undermine this finding of mootness.

Having reviewed the magistrate judge's report (Doc. 9), and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's objections (Doc. 13) are overruled, and the motion for preliminary injunction (Doc. 2) is denied.

*So ordered by the court on February 6, 2025.*

_____
J. CAMPBELL BARKER
United States District Judge