UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00313

**Rickey L. McGee,**
*Plaintiff,*

v.

**Director, Texas Department of Criminal Justice, et al.,**
*Defendants.*

# ORDER

Plaintiff, a prisoner confined within the Texas Department of Criminal Justice (TDCJ) proceeding pro se and in forma pauperis, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. Defendants filed a motion to dismiss. Doc. 21. The case was referred to a magistrate judge, who issued a report recommending that defendants' motion be granted in part and denied in part. Doc. 24 at 29.

Specifically, the report recommended that plaintiff's official capacity claims for monetary damages and declaratory and prospective injunctive relief should be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(1). *Id.* Further, the report recommended that the following individual capacity claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted:

- Supervisory liability claims against defendants Lumpkin, Marshall, and Mitchell;
- Policymaker liability claims against defendant Lumpkin;
- Failure to protect claims against defendants Lumpkin, Mitchell, Marshall, and Smith; and
- All claims against all defendants for intentional infliction of emotional distress and violations of the Fifth or Fourteenth Amendment. *Id.* at 29–30.

The report continued that the following claims should remain pending on the docket:

- Excessive use of force claims against defendants Brannan and Foust;
- Bystander liability claims against defendant Ruthledge;
- Failure to protect claims against defendant Foust;
- Unreasonable strip search claims under the Fourth Amendment against defendants Brannan and Foust;
- Medical deliberate indifference claims against defendants Brannan, Foust, Lakin, Ruthledge, Abdallah, Smith, and Mitchell;
- Unconstitutional conditions of confinement claims against defendants Ruthledge and Brannan; and
- First Amendment retaliation claims against defendants Lumpkin, Brannan, and Foust. *Id.* at 30.

Plaintiff received a copy of the report. Doc. 25. Neither party filed written objections. When there have been no timely objections to a report, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Defendants' motion to dismiss (Doc. 21) is granted in part and denied in part, consistent with the magistrate judge's recommendations outlined above.

*So ordered by the court on January 13, 2026.*

J. CAMPBELL BARKER
United States District Judge